UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| MARCEL S. GREENIA and <br> ANN AUSTIN GREENIA, <br><br> Plaintiffs, <br><br> vs. <br><br> ORIN DRAVES, individually, and as <br> Personal Representative of the Estate <br> of DARLENE DRAVES, deceased, <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | CIV. 04-5026 <br><br><br><br> MEMORANDUM OPINION <br> AND ORDER |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiffs filed a Motion to Amend Complaint to Add Party, Doc. 51. Defendants resist the motion. A reply to Defendants' opposition was not filed by Plaintiffs and the time for filing a reply has expired. For the reasons set forth below, the motion will be denied.

## BACKGROUND

This litigation arose out of a real estate transaction between Orin and Darlene Draves, the Defendants, and Marcel and Ann Greenia, the Plaintiffs, in January 2001. Defendants sold Plaintiffs approximately forty acres and a single-family residence in Fall River County, north of Hot Springs, South Dakota, and west of Highway 79. Defendants had purchased this property from Gary Friendshuh in 1989. In 1989, Friendshuh granted the Defendants and all other adjoining landowners an easement to access their properties via the road that is the subject of this litigation. The road at issue traverses neighbors' property from Highway 79 and was the only means of access to the property at issue at all times before Plaintiffs purchased the property in January 2001.

After Plaintiffs purchased the property, Steve and Kathy Housley filed an action in state court

claiming that Plaintiffs, among others, had no right of access on the road. Housleys prevailed in the state court action, leaving Plaintiffs without a legal right of access on the road, which was the only means of access to the property they had purchased from Defendants. Plaintiffs filed this action in state court against Defendants alleging breach of contract, misrepresentations in the Seller's Property Disclosure Statement, constructive fraud, fraud, deceit and misrepresentation. They request compensatory and punitive damages. Defendants removed this action to federal court on the basis of diversity of citizenship, as Plaintiffs are residents of South Dakota and Defendants are residents of Florida.

In the motion to amend, Plaintiffs seek to add as a defendant, Friendshuh, who is a resident of South Dakota. They seek to amend the complaint pursuant to Rules 15 and 21 of the Federal Rules of Civil Procedure. Plaintiffs contend that although the deadline for adding parties has expired, the initial complaint did refer to Defendants and their "agent." Friendshuh is the "agent" Plaintiffs referred to in the initial complaint, and he has participated in settlement negotiations from the beginning of this litigation.

Friendshuh's deposition was taken on May 19, 2005. It was after this deposition that Plaintiffs claim sufficient facts were established to create an agency relationship between Defendants and Friendshuh. Plaintiffs contend that Friendshuh performed separate tortuous acts for which he would be held responsible. Thus, Plaintiffs contend, justice requires that he be added as a party.

Defendants object to adding Friendshuh as a party because that will destroy this Court's diversity jurisdiction. Friendshuh is not an indispensable party as defined by Fed.R.Civ.P. 19, according to Defendants, because complete relief can be afforded to Plaintiffs from the Defendants already named. To the extent that Friendshuh acted as an agent, Defendants contend pursuant to South Dakota law they would ultimately be responsible for any claims that might otherwise be asserted against Friendshuh in his capacity as an agent. *See* SDCL § 59-6-1; 59-6-3.

## DISCUSSION

Joinder of necessary and indispensable parties is governed by Rule 19 of the Federal Rules

of Civil Procedure, which states in part:

> **Joinder of Persons Needed for Just Adjudication**
> **(a) Persons to be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. ....
>
> **(b) Determination by Court Whenever Joinder not Feasible.** If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed.R.Civ.P. 19. The Court must first inquire whether an absent person is a "necessary" party pursuant to Rule 19(a). If the absent person is not necessary as defined in Rule 19(a), "then the case must go forward without him and there is no need to make a Rule 19(b) inquiry." *Gwartz v. Jefferson Memorial Hosp. Ass'n*, 23 F.3d 1426, 1428 (8th Cir. 1994). If the Court determines, however, an absent person is a necessary party and the absent person may not be joined pursuant to Rule 19(a), then the Court must determine, pursuant to Rule 19(b), whether the action should proceed among the parties before it, or should be dismissed. *See Rochester Methodist Hosp. v. Travelers Ins. Co.*, 728 F.2d 1006, 1016 (8th Cir. 1984).

The first inquiry is whether Friendshuh is a "necessary" party pursuant to Rule 19(a). The Court concludes complete relief could be granted as between Plaintiffs and the Defendants herein. The claims made against Friendshuh are in his capacity as an agent for Defendants. South Dakota law provides that "[a]ll rights and liabilities which would accrue to an agent from transactions within the scope of his actual or ostensible authority if they had been entered into on his own account,

accrue to the principal." SDCL § 59-6-1 (2004). There are no claims that Friendshuh acted outside the scope of his actual or ostensible authority to act on behalf of Defendants. Plaintiffs claim in their brief that Friendshuh committed separate torts, but the proposed Second Amended Complaint does not state any cause of action solely against him. Friendshuh's presence as a party defendant is not necessary to resolution of Plaintiffs' claims against Defendants. In addition, Friendshuh does not claim an interest relating to the subject of this litigation. As explained above, joinder of Friendshuh would destroy the Court's jurisdiction in this action. Thus, in accordance with Fed.R.Civ.P. 19 and the Eighth Circuit's direction in *Gwartz*, 23 F.3d at 1428, this case must go forward without Friendshuh and the Court need not make a Rule 19(b) inquiry. Accordingly,

IT IS ORDERED that Plaintiffs' Motion to Amend Complaint to Add Party, Doc. 51, is denied.

Dated this 7th day of September, 2005.

BY THE COURT:

Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Shelly Margulies
(SEAL)    DEPUTY