UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION



**FILED**

OCT 3 1 2005

CLERK

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| | * | |
| MARCEL S. GREENIA and | * | CIV. 04-5026 |
| ANN AUSTIN GREENIA, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | MEMORANDUM OPINION |
| vs. | * | AND ORDER |
| | * | |
| ORIN DRAVES, individually, and as | * | |
| Personal Representative of the Estate | * | |
| of DARLENE DRAVES, deceased, | * | |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Defendants filed a Motion for Partial Summary Judgment, Doc. 58, requesting that the Court grant partial summary judgment in favor of Defendants on Plaintiffs' request for punitive damages. The motion has been fully briefed and the Court will deny the motion for the reasons set forth below.

## BACKGROUND

The following facts are stated in the light most favorable to Plaintiffs, as the nonmoving parties. In 1988, Gary Friendshuh sold to Steve Housley and Kathy Coy ("Housley's") certain real property located in Fall River County, South Dakota. As part of that transfer, Friendshuh reserved for himself, and his assigns, an easement of ingress and egress over specific real estate, as follows:

> Sellers [Friendshuh] herein reserves and for themselves, their heirs and assigns and grant to the owners of the above property an easement of ingress and egress on or over the South 33 feet of the North Quarter of the Section 22 and a 16 ½-foot easement either side of the center line of the now existing road from the above 33-foot easement running Easterly through Section 23, to Highway 79. All in Township 7, South Range 6 East, BHM, Fall River County.

At the time Friendshuh sold this property to Housley's, there was a road from Highway 79 that ran into Section 23, but did not extend to Section 22. Housley built a road to access his property, but it did not completely coincide with the easement granted to Friendshuh. Parts of the road were within the boundaries of the easement and other parts were not. When Friendshuh discovered that Housley was not building the road along the easement granted to Friendshuh, he told Housley that the road had to be built within the boundaries of the easement. Housley disagreed that the road was required to be built within the boundaries of the easement and he did not build it within those boundaries. But Housley agreed to allow Friendshuh and his assigns to use the road under certain conditions.

Between 1989 and 1990, Friendshuh sold 160 acres of real property to the Defendants, Orin and Darlene Draves. Two deeds conveyed this 160 acres and both deeds contain the following language regarding an easement:

> Together with a 33-foot easement of ingress and egress 16 ½ feet on either side of the center line of the *now exiting roadway from this property to Highway 79* and subject to a 33-foot easement of ingress and egress in favor of the seller his heirs and assigns on and over the south 33 feet of the above-described 80 acres.

(emphasis added). At the time of the sale between Friendshuh and the Defendants, the road built by Housley was the only road that provided access to the Defendants' property and that road traversed westerly from Highway 79 across certain real property, including Housley's property. Thus, Friendshuh purported to assign an easement to Defendants that did not coincide with the easement he reserved when he sold property to the Housley's.

In November 2000, Plaintiff Marcel Greenia contacted Defendants regarding a newspaper advertisement listing the Defendants' residence and 30 acres of property for sale. Mr. Greenia met with Mr. Draves on the property three times before the parties entered into a purchase agreement. Mr. Greenia drafted the purchase agreement, which was executed by the parties on December 18, 2000. The closing was held on January 12, 2001. The warranty deed conveyed 40 acres of Defendants' property and included the following language regarding an easement:

2

Together with and subject to a 33' easement of ingress and egress on and over the South 33' of the N ½ NW 1/4 of Section 22 T7S, R6E BHM Fall River County, SD and subject to any other easements on record and to the following covenants[.]

Before the Plaintiffs and Defendants entered into the purchase agreement in December 2000, Housley had informed the Defendants that the road they were driving on to access their property was owned by Housley and not by the Defendants or Friendshuh. Defendants disagreed that Housley owned the road, but they were put on notice of Housley's assertion of ownership of the road and the right to exclude Defendants from using the road. Housley believed that some of Orin Draves' family members were abusing their right to use the road by driving too fast and recklessly on the road. Housley informed Orin Draves that if he could not control his family members' use of their cars that Housley would not allow them to use the road and that Orin should talk to Friendshuh about the agreement regarding use of the road.

During the negotiations between Plaintiffs and Defendants, there was never any mention about the dispute with the Housley's regarding use or ownership of the only road by which Plaintiffs would have access to the property. Defendants did not inform Plaintiffs at any time before the closing on the property that there was a dispute between them and the Housley's regarding the road. In addition, the Property Disclosure Statement refers to "road easements," but does not disclose that the easement was subject to dispute. During his deposition in this action, Orin Draves admitted that it would have been difficult to sell the property if there wasn't a permanent access to it and that without a permanent right of access to the property, it "won't be worth anything." (Draves Depo. at p. 38.)

After Plaintiffs purchased the property, Housley's filed an action in state court claiming that Plaintiffs, among others, had no legal right of access on the road because the Friendshuh easement did not include the road at issue. Housley's prevailed in the state court action, leaving Plaintiffs without a legal right of access on the road, which was the only means of access to the property they had purchased from Defendants. Plaintiffs, however, have continued to use the road pursuant to an agreement they reached with the Housley's. Both Plaintiffs and Housley's help to maintain the road

3

with graders and they have an agreement to share any additional maintenance costs. In addition, Friendshuh constructed a road that conforms to the easement he reserved in the sale to Housley's, which is utilized by others who have purchased property from Friendshuh. The new road is not utilized by Plaintiffs to access their property.

Plaintiffs filed this action in state court against Defendants alleging breach of contract, misrepresentations in the Seller's Property Disclosure Statement, constructive fraud, fraud, deceit and misrepresentation. They request compensatory and punitive damages. Defendants removed this action to federal court on the basis of diversity of citizenship, as Plaintiffs are residents of South Dakota and Defendants are residents of Florida.

Defendants move for partial summary judgment on Plaintiffs' claim for punitive damages. They contends that punitive damages are not available in this action because the case involves an alleged breach of contract, rather than a tort. They further contend the record contains insufficient evidence of malice on the part of Defendants, which is required to recover punitive damages.

## DISCUSSION

Summary judgment is appropriate if the moving party establishes that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *see Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 256 (1986). In reviewing a motion for summary judgment, the Court views the evidence in a light most favorable to the non-moving party. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1326 (8th Cir. 1995) (citations omitted).

Defendants contend that this action involves only a breach of contract and, therefore, punitive damages are not recoverable. South Dakota law provides that, "[p]unitive damages 'are not ordinarily recoverable in actions for breach of contract, because, as a general rule, damages for breach of contract are limited to the pecuniary loss sustained.'" *Grynberg v. Citation Oil & Gas*

4

*Corp.*, 573 N.W.2d 493, 500 (S.D. 1997) (quoting *Hoffman v. Louis Dreyfus Corp.*, 435 N.W.2d 211, 214 (S.D. 1989)). If a complaining party, however, can "prove an independent tort that is separate and distinct from the breach of contract," punitive damages may be recovered. *Id.* Deceit, as alleged by Plaintiffs in this case, is an independent tort for which punitive damages may be awarded. *See id.* at 500, 502.

South Dakota law provides that: "One who willfully deceives another, with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers." SDCL § 20-10-1 (2004). Deceit is defined by South Dakota law as follows:

A deceit within the meaning of § 20-10-1 is either:

(1)     The suggestion, as a fact, of that which is not true, by one who does not believe it to be true;

(2)     The assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true;

(3)     The suppression of a fact by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or

(4)     A promise made without any intention of performing.

SDCL § 20-10-2 (2004). South Dakota law further provides that, "every participant in a fraud and each one who assists another in the perpetration of the fraud is liable to the injured party." *Tueck v. Mueller*, 511 N.W.2d 832, 837 (S.D. 1994).

Plaintiffs contend that Defendants engaged in deceit by knowingly and recklessly representing to Plaintiffs that they held a legal interest in the Housley's road; that they had no reasonable ground for believing this representation was true; that they knew their entitlement to the Housley's road was in question, controversy and dispute; that they failed to inform Plaintiffs of the dispute regarding the Housley road; that they represented their ownership in the property with the intent to induce the Plaintiffs into purchasing the property with the easement; and that Plaintiffs materially and justifiably relied to their detriment on Defendants' misrepresentations. There are genuine issues of material fact remaining for trial on Plaintiffs' deceit claim. As a result, Defendants

are not entitled to partial summary judgment on the punitive damages claim based on Defendants' argument that this case presents solely a breach of contract claim.

Another argument advanced by Defendants for granting summary judgment on the punitive damages claim is that there has been no showing of malice on the part of the Defendants. The Court finds the record is sufficient on the issue of malice to survive the summary judgment motion. The South Dakota Supreme Court explained that malice required to support a punitive damages award, can be either actual or presumed, legal malice. *See Isaac v. State Farm Mut. Auto. Ins. Co.*, 522 N.W.2d 752, 761 (S.D. 1994). Presumed, legal malice, is "malice which the law infers from or imputes to certain acts," *id.*, and "can be shown by demonstrating a disregard for the rights of others," *Biegler v. Am. Family Mut. Ins. Co.*, 621 N.W.2d 592, 605 (S.D. 2001). "Malice as used in reference to exemplary damages is not simply the doing of an unlawful or injurious act, it implies that the act complained of was conceived in the spirit of mischief or of criminal indifference to civil obligations." *Dahl v. Sittner*, 474 N.W.2d 897, 900 (S.D. 1991) (quoting *Hannahs v. Noah*, 158 N.W.2d 678, 682 (S.D. 1968)).

Evidence has been produced in this case to show that Defendants had a dispute with Housley's regarding the only permanent right of access Plaintiffs would have to the property at issue if they purchased it from Defendants. Orin Draves concealed this dispute with Housley's from Plaintiffs despite his knowledge that the property he was trying to sell to Plaintiffs would not be worth much without a permanent right of access to it. Orin Draves was aware of the access issue as he had discussed access with Housely and Draves knew Housley's position was that he could deny Draves access. Even a cursory reading by Draves, a realtor, of their deed and comparing it to the actual road demonstrated the problem Draves had, despite whatever Friendshuh was claiming. Defendants referred to a "road easement" in the written Property Disclosure Statement but did not orally or in writing alert the potential buyers that there were, at best, problems with the easement and with access. Based upon this evidence, the record is sufficient to survive Defendants' summary judgment motion on the issue of malice. Accordingly,

6

IT IS ORDERED that Defendants' Motion for Partial Summary Judgment, Doc. 58, is denied.

Dated this **31st** day of October, 2005.

BY THE COURT:

Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)          DEPUTY

7